IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEONA C. FITZGERALD,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-5271** |
| | : | |
| **HOSPITAL UNIVERSITY OF** | : | |
| **PENNSYLVANIA,** *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                          **OCTOBER    , 2024**

Plaintiff Leona C. Fitzgerald brings this *pro se* civil action claiming that she suffered malpractice when a medical clip was not removed during surgery. Fitzgerald seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Fitzgerald leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for lack of subject matter jurisdiction.

**I.     FACTUAL ALLEGATIONS**[1]

Fitzgerald names as Defendants the Hospital of the University of Pennsylvania, Rena Rowan Breast Center (Perelman), Dr. Rebecca Fishman, M.D., and Pennsylvania Hospital Short Procedure Unit. (Compl. at 1, 2.) She alleges that a medical clip was left in her left breast, without medical necessity, during a lumpectomy on August 8, 2024, at Pennsylvania Hospital's Short Procedure Unit. (*Id.* at 4.) According to Fitzgerald, Dr. Fishman neglected to remove the medical clip, and failed to inform her and her family upon completion of the procedure. (*Id.*)

---

[1] The allegations set forth in the Memorandum are taken from Fitzgerald's Complaint (ECF No. 2). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

Fitzgerald avers that this has delayed the second stage of her treatment and caused emotional distress. (*Id.* at 5.) A second surgery is required to remove the medical clip. (*Id.*) As relief, Fitzgerald seeks monetary damages and repayment for the costs of the second surgery. (*Id.*)

## II.     STANDARD OF REVIEW

The Court grants Fitzgerald leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing

federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). As Fitzgerald is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

Although Fitzgerald indicated, by checking the appropriate location on the Court's form complaint, that she intends to raise federal claims against the Defendants, she also indicated that the basis for federal question jurisdiction was "not known at this time." (*See* Compl. at 3.) Instead, Fitzgerald refers to her allegations as that of "malpractice" and seeks redress because Dr. Fishman "neglected to remove [the] medical clip." (*See id.* at 4, 5.) Nothing in her Complaint suggests an appropriate basis for this Court to exercise federal question jurisdiction over this case.

Instead, Fitzgerald's Complaint is best construed as raising medical malpractice claims under Pennsylvania law based on the allegedly inadequate medical treatment she received. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."). District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any

defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).  For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Fitzgerald does not allege the citizenship of the parties, but provides Pennsylvania addresses for herself and each of the named Defendants.  This suggests that the parties are not diverse.  Since Fitzgerald has not satisfied the jurisdictional requirements as is her burden, this Court lacks the ability to hear her case.  Accordingly, the Court will dismiss Fitzgerald's Complaint for lack of jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Fitzgerald leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for lack of subject matter jurisdiction. Fitzgerald may refile her claims in state court, where federal jurisdiction will not be an issue.[2] An appropriate Order follows.

BY THE COURT:

s/ *R. Barclay Surrick*

**R. BARCLAY SURRICK, J.**

---

[2] The Court expresses no opinion on the merits of Fitzgerald's claims.